# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:19-cv-24155-JLK

RALPH CISNEROS,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (the "Motion") (DE 5), filed October 30, 2019. The Court has also considered Plaintiff's Response (DE 9), filed November 27, 2019, and Defendant's Reply (DE 10), filed December 4, 2019.

### I. BACKGROUND[1]

Plaintiff brings this action against Carnival Corporation asserting claims for negligent failure to warn and negligence arising from injuries he allegedly sustained on Carnival's *Fantasy* cruise ship. *See* Compl., DE 1. Plaintiff alleges that, on November 6, 2018, he was eating food prepared by Carnival that was provided to him in the on-board restaurant. *Id.* ¶ 16. According to the Complaint, although the food was represented to be boneless, a bone was hidden within the food, which became lodged in Plaintiff's throat, causing severe injuries. *Id.* Plaintiff claims that Carnival breached its duty to warn Plaintiff of the dangers involved in consuming the food and breached its duty of reasonable care in the preparation and inspection of the food. *Id.* ¶¶ 20, 30. Carnival now moves to dismiss the Complaint for failure to state a claim.

---

[1] At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

"Under maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances," *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015), including a duty to warn of known dangers that are not open and obvious, *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 n.5 (11th Cir. 2019). This requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Thus, in order to state a claim, a plaintiff "must also allege factual matter demonstrating that [the defendant] had actual or constructive notice of the risk-creating condition." *Navarro v. Carnival Corp.*, No. 19-21072-CIV-MORENO, 2019 WL 5079838, at *2 (S.D. Fla. 2019) (citing *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017)).

Here, Carnival argues that Plaintiff fails to allege facts showing that Carnival had actual or constructive notice of the allegedly dangerous condition concerning the food provided to Plaintiff. *See* Mot. 3. In response, Plaintiff argues that he sufficiently alleges that Carnival should have known of the dangerous condition "through its maintenance and/or inspections of

the subject area (including the kitchen)." *See* Resp. 4. Alternatively, Plaintiff argues that notice "may not even be required where the [ship] created the unsafe or hazardous condition." *Id.* at 5.

After careful consideration, the Court finds that Plaintiff fails to allege sufficient facts showing that Carnival had notice of the allegedly dangerous condition concerning the food served to Plaintiff on the ship. For instance, Plaintiff alleges in general conclusory terms that the "dangerous conditions existed for a sufficient length of time so that Defendant . . . should have learned of them." Compl. ¶ 23. But while constructive notice may be established if "the risk-creating condition existed for a sufficient period of time," *Sutton v. Royal Caribbean Cruises, Ltd.*, 774 F. App'x 508, 511 (11th Cir. 2019), Plaintiff merely recites this legal conclusion without providing any factual support. Plaintiff also fails to allege sufficient facts showing that Carnival should have known of the dangerous condition based on its "maintenance and/or inspections of the subject area (including the kitchen)." Compl. ¶ 23. Finally, the Court is not persuaded by Plaintiff's alternative argument that notice is not required because Carnival allegedly "created" the dangerous condition by preparing and providing the food directly to Plaintiff. Plaintiff relies on *Long v. Celebrity Cruises, Inc.*, 982 F. Supp. 2d 1313 (S.D. Fla. 2013), which relied on an earlier district court decision in *Rockey v. Royal Caribbean Cruises, Ltd.*, No. 99-708-CIV, 2001 WL 420993 (S.D. Fla. Feb. 20, 2001). But as Carnival points out, the Eleventh Circuit has rejected this line of cases. *See Pizzino*, 709 F. App'x at 567 ("[W]e have no trouble concluding that *Rockey* and its progeny were wrongly decided."); *see also Everett v. Carnival Cruise Lines*, 912 F.3d 1355, 1358 (11th Cir. 1990).

## IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Dismiss **(DE 5)** be, and the same hereby is, **GRANTED**. Plaintiff's Complaint **(DE**

1) is hereby **DISMISSED** without prejudice to file an amended complaint within **twenty (20) days** from the date of this Order.

      **DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 23rd day of January, 2020.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    **All counsel of record**